JUSTICE TRIEWEILER
concurring in part and dissenting in part.
¶34 I concur with the majority’s conclusions that the District Court did not abuse its discretion when it confirmed the arbitrator’s award of attorney’s fees and when it confirmed the arbitrator’s decision to make Robert Kuehl a party to the proceedings and award judgment against him.
¶35 However, I dissent from that part of the majority opinion which affirms an arbitrator’s authority to limit access to Montana’s courts. Access to Montana’s courts is guaranteed by Article II, Section 16, of the Montana Constitution without regard to the merits of a person’s claim. Not even judges or justices can deny access to Montana’s courts. An arbitrator who is a mere private contractor to resolve disputes certainly has no authority to deny a constitutional right based on his conclusions about the merits of a claim before the claim is even presented. While I agree that claims, once filed, may be dismissed based on the fact that they present issues previously decided, I disagree that a person may be prospectively prohibited from making a claim based on the presumption that it will be procedurally barred. If a person uses courts to harass another party, sanctions are available.
¶36 Therefore, I conclude that the injunctive language of the arbitrator’s award effectively denied Kuehls their constitutional right of access to Montana’s courts. For these reasons, I would reverse that part of the District Court judgment which held otherwise and I dissent from the majority’s failure to do so.